ALBERT MORSE & others *vs.* JOHN B. DEARBORN.

In an action to recover goods which it is alleged the plaintiffs were induced to sell to J. S.
by reason of his false representations as to his property, the plaintiffs requested the judge
to rule that if they were induced to part with the goods by reason of these representa-
tions and the representations were untrue they could recover. The judge refused so to
rule, and ruled that the representations must be false and fraudulent, but that J. S. would
have known if they were untrue; that if they were false and made with intent to obtain
the goods they were fraudulent; and that if they were false the jury might infer tha*
they were fraudulent. *Held*, that the plaintiffs had no ground of exception.

REPLEVIN, by Albert Morse, S. P. Shepard, Orlando H. Al-
fred and Edward B. Wilson, doing business as partners under the
style of Morse, Shepard & Company, of goods attached by the
defendant, as deputy sheriff, on writs against Pelatiah B. Osgood.
Writ dated May 5, 1869.

At the trial in the superior court, before *Pitman,* J., it ap-
peared that the goods replevied were sold to Osgood by the plain-
tiffs in March 1869 upon thirty days' credit ; that they were not
paid for ; and that on May 6, 1869, he filed a petition on which
he was adjudged a bankrupt.

Morse testified that in January 1867, Osgood told him that he
was worth $6000 ; that about March 1, 1869, Osgood came into
the plaintiffs' shop ; that the witness asked him if he was worth
the $6000 he said he was worth in January 1867 ; that Osgood
replied that he was, and that in a few days he would come in and
see the plaintiffs as he should want some goods."

The plaintiffs introduced evidence tending to show that the
goods were furnished to Osgood on the strength of the repre-
sentations that he was worth $6000, testified to by Morse ; that
these representations were false, and were known to him to be
false ; and that at the time of the conversation in March 1869 he
was insolvent and knew he was insolvent.

Osgood, called as a witness by the defendant, said that in Jan-
uary 1867 he told the defendant that he was going to pay $6000
for the business into which he was going, and did not enter into
further details ; that he did not then think that he should ever
buy anything of them ; that at the conversation with Morse in

March 1869, Morse asked him if he had made any money, and he replied that he had not, but had just about held his own ; that he made no reference to any former statement ; that he " did not go in there to get any line of credit ; " that he said nothing about buying, and nothing that was untrue and nothing intended to deceive.

The plaintiffs requested the judge to give certain instructions to the jury which he refused. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions to the refusal of the judge to give the instructions prayed for. The instructions refused and given, so far as the same are material, are stated in the opinion.

*J. D. Ball,* for the plaintiffs, cited *Hazard* v. *Irwin,* 18 Pick. 95, 98, 109 ; *Lobdell* v. *Baker,* 1 Met. 193, 200 ; *Page* v. *Bent,* 2 Met. 371, 374 ; *Stone* v. *Denny,* 4 Met. 151, 162 ; *Kidney* v. *Stoddard,* 7 Met. 252 ; *Collins* v. *Denison,* 12 Met. 549 ; *Milliken* v. *Thorndike,* 103 Mass. 382 ; *Fisher* v. *Mellen,* Ib. 503 ; *Mason* v. *Crosby,* 1 Woodb. & Min. 342, 353 ; 2 Parsons Con. 786.

*A. A. Ranney, (D. F. Crane* with him,) for the defendant.

CHAPMAN, C. J. The plaintiffs sold the goods in question to Pelatiah B. Osgood ; and the defendant claims them by virtue of an attachment made by him as a deputy sheriff, on certain writs issued against Osgood in favor of his creditors. Osgood was insolvent when he bought the goods and has gone into bankruptcy. The plaintiffs bring this action to recover the goods, on the ground that Osgood induced them to make the sale by means of certain false and fraudulent representations. The plaintiffs requested the presiding judge to give certain instructions to the jury, which he declined to give ; and the exceptions are taken to that refusal, and not to the instructions which were actually given. On the other hand the defendant contends that, though the instructions asked were not given in the form requested, yet the law on each of the points was stated as favorably to the plaintiffs as in the requests themselves. The requests were as follows :

" That if Osgood represented to the plaintiffs in March 1869 that he was then worth $6000, and was coming in to buy goods

of them, and subsequently did buy of them the goods in question, and they were induced to sell and deliver the goods to him by this representation that he was worth $6000, and the jury believe that this representation was untrue, and that Osgood knew when he made the representation that it was untrue, the plaintiffs are entitled to a verdict; that if Osgood in March 1869 represented to the plaintiffs as of his own knowledge that he was then worth $6000, and was coming in to buy goods of them, and did subsequently buy of them the goods in question, and the plaintiffs were induced to sell and deliver to him the goods by this representa tion that he was worth $6000, and the jury believe that this representation was untrue, the plaintiffs are entitled to recover, although Osgood did not know whether the representation was true or false; and that if Osgood represented to the plaintiffs in March 1869, that he was worth $6000, and was coming in to buy goods of them, and did subsequently buy of them the goods in question, and the plaintiffs were induced to sell and deliver the goods to him by this representation that he was worth $6000, and the jury believe that this representation was untrue, the plaintiffs are entitled to a verdict."

It will be noticed that all these requests relate to the representation of Osgood to the plaintiffs that he was then worth $6000 and was coming in to buy goods of them. On this point the judge said that "the plaintiffs would have to show that Osgood knew the statement to be false, or what would be equally fraudulent in law, knew that he was affirming as to the existence of a fact, about which he was ignorant." This was all that the plaintiffs asked on this point, but the judge went further and said: "In the present case, if the plaintiffs prove the representations upon which they rely, they were all matters within his own knowledge, and therefore upon this branch of the case the question simply is, 'Were the representations true or were they untrue, and known to be untrue by Osgood?'" He repeats this and enlarges upon it as follows: "The representation that he was worth $6000, in the manner and with the accompanying statement, as testified to by the plaintiff Morse, would be a representation, as of his own knowledge, that he was worth that sum."

The fraudulent intent was next to be considered. He instructed the jury that this must be proved, but he explained what would constitute such intent. If the statements were false, and he intended at the time to establish a line of credit with the plaintiffs, that would be a fraudulent intent. He also said : " If he said he was coming in to buy goods of them, that would authorize the jury to find that he did it with the intent to establish a credit with them and the intent to impose upon them ; if he made a false statement, you could find from that that he did it fraudulently." The conversation between the parties had been testified to by Morse and by Osgood, and in referring to their testimony the judge further said : " The circumstances, as detailed by the plaintiffs, are sufficient to warrant the jury in drawing the inference," namely, the inference of an intent to defraud ; " as testified to by the defendant, they would not be." It is not necessary to recapitulate the instructions given, in case the jury should believe the statement of Osgood, as they are not excepted to.

The instructions given that if the plaintiffs prove the representations upon which they rely, they were all matters within Osgood's own knowledge ; that the statement as testified to by Morse would be a representation by Osgood that he was worth the sum named ; that if the statements were made with intent to obtain the goods they were fraudulent ; that if he made a false statement the jury would be authorized to find he made it fraudulently, sufficiently meet all the suggestions and authorities in the plaintiffs' brief on those points.

It is not necessary to discuss further the several criticisms of the charge to the jury contained in the plaintiffs' brief, for the points already discussed sufficiently cover the case ; and the instructions are sufficiently favorable to the plaintiffs. Nor is it necessary to discuss the points in which the defendant contends they were too favorable to the plaintiffs. The verdict for the defendant supersedes those questions. *Exceptions overruled.*